ROBERTSON, Presiding Judge.
Following an ore tenus proceeding, the trial court entered a judgment, which, inter alia, found Webster Matthews to have suffered a “permanent loss of earning capacity of 20%” and awarded workmen’s compensation benefits accordingly. No postjudgment motion was filed.
On appeal, Webster contends that the trial court’s judgment was arbitrary, capricious, and contrary to the law.
A recitation of the evidence before the trial court would serve no useful purpose in this *641 case. After a review of the record with the attendant legal presumptions, we cannot hold that the trial court’s judgment was arbitrary, capricious, or contrary to the law, but instead we find that there was legal evidence to support the trial court’s findings and that a reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). The judgment of the trial court is due to be affirmed.
AFFIRMED.
YATES, J., concurs.
THIGPEN, J., concurs in result.